UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

NADIA ANTOINE,

                        Plaintiff,

                    -against-

ACTING COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

------------------------------------------------------------------------ X

**NOT FOR PUBLICATION**

**MEMORANDUM OF DECISION AND ORDER**

15-cv-3409 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

       Plaintiff Nadia Antoine appeals the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits. The parties have cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court assumes the parties' familiarity with the record for purposes of this appeal.

## STANDARD OF REVIEW

       A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Bank of New York v. First Millennium*, 607 F.3d 905, 922 (2d Cir. 2010) ("The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings."). Under the Social Security Act, disability claimants may seek judicial review of the Commissioner's decision to deny their application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012).[1] In

---

[1] A plaintiff seeking disability insurance benefits under Title II of the Social Security Act must have had coverage at the time she became disabled. *Tavarez v. Astrue*, No. 11-cv-2784, 2012 WL 2860797, at *2 (E.D.N.Y. July 11, 2012) (citing *Arnone v. Bowen,* 882 F.2d 34, 35 (2d Cir.1989) ("To be eligible for disability insurance benefits, an

conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based on correct legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *see Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

The substantial evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence . . . ."). Instead, the Commissioner's decision need only be supported by substantial evidence, which is "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pollard v. Halter*, 377 F.3d 183, 188 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination. *See Jones ex. rel. T.J. v. Astrue*, No. 07-cv-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)). Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence. *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). If the Commissioner's findings are supported by substantial evidence, then they are conclusive and

---

applicant must be 'insured for disability insurance benefits.'")). The parties do not dispute that Plaintiff was insured until March 31, 2010 (the "date last insured"). (*See* Pl.'s Mem. 2, ECF No. 22; Def.'s Mem. 1, ECF No. 24.)

must be affirmed. *See Ortiz v. Comm'r of Soc. Sec.*, No. 15-cv-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)). Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's. *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *Anderson v. Sullivan*, 725 F. Supp. 704, 706 (S.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984)).

The Code of Federal Regulations for Social Security (the "Regulations") establishes a sequential five-step process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520(a)-(h). The claimant bears the burden of proof at steps one through four. *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (quoting *Burgess*, 537 F.3d at 128). The Commissioner must first determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If not, the Commissioner must decide whether the claimant has a severe medically determinable impairment or combination of impairments. *Id.* § 404.1520(c). Next, the Commissioner will consider whether any such impairments are identified or equal to those identified in Appendix 1 to the Act. *Id.* § 404.1520(d). Such impairments are *per se* disabling if a claimant meets the durational requirements as defined in the Regulations. *Id.* If the claimant's impairments are not *per se* disabling, the ALJ must assess the claimant's ability to work in light of his limitations, otherwise known as his residual functional capacity ("RFC"). *Id.* § 404.1520(e), § 404.1545(a)(1). Once the claimant's RFC is decided, the Commissioner must undertake to establish whether the claimant's RFC will allow him to perform past relevant work. *Id.* § 404.1520(f). If the claimant's RFC precludes him from performing past relevant work, the Commissioner bears the burden of proving that, given his

3

RFC, age, education, and work experience, the claimant can do other work that exists in significant numbers in the national economy. *Id.* § 404.1512(g). If such work exists, the claimant is not disabled. *Id.*

## DISCUSSION

The ALJ applied the sequential five-step analysis in reaching her determination that Plaintiff was not disabled during the relevant time period. (Tr. 28-34, ECF No. 15.)[2] *First*, the ALJ found that the Plaintiff had not engaged in substantial activity during the period from her alleged onset date of September 25, 2009, through her date last insured of March 31, 2010. (Tr. 28.) *Second*, the ALJ identified the following severe impairments: (1) status-post right shoulder arthroscopic surgery for a rotator cuff repair; (2) status-post aortic valve replacement in 2002 with cardiomegaly and occasional chest pain; and (3) degenerative disease of the cervical and lumbar spine. (*Id.*) *Third*, the ALJ found that, through Plaintiff's date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 29.) *Fourth*, the ALJ concluded that Plaintiff had the RFC for "light work," but could not perform any past relevant work. (Tr. 29, 33.) *Fifth*, the ALJ noted that—despite Plaintiff's ability to perform all or substantially all of the requirements of light-level work being "impeded by additional limitations"—the vocational expert found that there was work that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 33-34.) Accordingly, the ALJ determined that Plaintiff was not disabled in the period between her alleged onset date and her date last insured. (Tr. 34.)

---

[2] Citations to "Tr." refer to the certified copy of the administrative record of proceedings filed by the Commissioner.

Plaintiff challenges the following aspects of the Commissioner's determination: (1) the ALJ's development of the record regarding Plaintiff's RFC; (2) the ALJ's conclusion that Plaintiff was able to perform light work; and (3) the Appeals Council's denial of review without considering what Plaintiff contends was new and material evidence.

I.  **The ALJ's Development of the Record**

Plaintiff argues that the ALJ did not develop the record because she did not obtain a treating source's opinion regarding Plaintiff's RFC. (Pl's Mem. 19-21, ECF No. 22.) An ALJ has a duty to "affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 342-43 (E.D.N.Y. 2010) (quoting *Burgess*, 537 F.3d at 128). This duty "includes insuring that the record as a whole is complete and detailed enough to allow the ALJ to determine the claimant's RFC." *Sigmen v. Colvin*, No. 13-cv-0268, 2015 WL 251768, at *11 (E.D.N.Y. Jan. 20, 2015) (quoting *Casino-Ortiz v. Astrue*, 2007 WL 2745704, at *7 (S.D.N.Y. Sept. 21, 2007), *report and recommendation adopted by* 2008 WL 461375 (S.D.N.Y. Feb. 20, 2008)). A record is not necessarily incomplete simply because it lacks an RFC assessment. *Id*. (citing *Casino-Ortiz*, 2007 WL 2745704, at *8). However, where an RFC assessment is lacking, the ALJ must take the affirmative step of requesting one from a treating source before making a determination as to the plaintiff's disability. *Johnson v. Astrue*, 811 F. Supp. 2d 618, 629-31 (E.D.N.Y. 2011) (remanding for ALJ to obtain RFC assessment from treating source); *Robins v. Astrue*, No. 10-cv-3281, 2011 WL 2446371, at *3 (E.D.N.Y. 2011) ("Although the regulation provides that the lack of such a statement will not render a report incomplete, it nevertheless promises that the Commissioner will request one.") (citing 20 C.F.R. §§ 404.1512(d), 404.1513(b)(6)). Put differently, the ALJ has "an affirmative duty to request RFC assessments from a plaintiff's

5

treating sources despite what is otherwise a complete medical history." *Johnson*, 811 F. Supp. 2d at 630. Despite the substantial length of the administrative record, there is no RFC from a treating source and no indication that the ALJ ever requested one. Accordingly, remand is necessary for the ALJ to request an RFC from Plaintiff's treating sources.

## II.     The ALJ's Determination That Plaintiff Was Capable of Light Work

Beyond failing to request an RFC assessment from a treating source, the ALJ failed to consider specific functions relevant to Plaintiff's RFC. The Commissioner has explained that an ALJ's RFC determinations "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545 and 416.945." SSR 96-8P, 1996 WL 374184 (July 2, 1996). Specifically, these functions include "sitting, standing, walking, lifting, carrying, pushing, pulling, or other manipulative or postural functions such as reaching, handling, stooping, or crouching. 20 C.F.R. § 404.1545(b) (listing physical functions to be assessed in RFC). Although the Second Circuit has determined that there is no per se rule requiring remand when an ALJ fails to conduct an explicit function-by-function analysis regarding each and every function enumerated in 20 C.F.R. § 404.1545, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record . . . ." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Indeed, the court "will not hesitate to remand for further findings or a clearer explanation for the decision" where it is "unable to fathom the ALJ's rationale in relation to evidence in the record." *Id.* (quoting *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982)).

Here, the ALJ found that Plaintiff was capable of performing light work, subject to certain limitations. (*See* Tr. 34.) Pursuant to the Regulations, light work involves lifting no

6

more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. *See* 20 C.F.R. § 404.1567. Further, "[e]ven though the weight lifted may be very little, a job remains in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* To be considered capable of performing a full or wide range of light work, the claimant must have the ability to do substantially all of these activities. *Id.*

The Court cannot discern the ALJ's rationale in determining that Plaintiff was capable of light work. Although the ALJ is not required to consider every possible function listed in 20 C.F.R. § 404.1567, the functions of sitting, standing, and walking are crucial to the Court's understanding of how the ALJ determined that Plaintiff was capable of engaging in light work. *See* 20 C.F.R. § 404.1567(b) (physical exertion requirements of light work include walking, standing, and sitting); *Cichocki*, 729 F.3d at 177 (remand may be required where ALJ does not evaluate relevant functions). This is especially so given that a light work position may require a "good deal of walking or standing," or "sitting most of the time." *See* 20 C.F.R. § 404.1567(b).

In determining that Plaintiff could perform light work, the ALJ stated that the "only opinion" evidence regarding Plaintiff's functional status was a statement by Plaintiff's shoulder surgeon Dr. Tehrany dated April 9, 2009, prior to Plaintiff's disability onset date of September 9, 2009. (*See* Tr. 33.) Dr. Tehrany stated that Plaintiff was under a "partial disability" because she could not fully use her right shoulder and was unable to return to full duty for her prior job as a nurse's assistant, given the physical labor required for that work. (*Id.*) The ALJ gave this opinion "great weight," noting that "there [were] no other opinions in the record to suggest differing conclusions" and that "no other physician ha[d] offered a medical source opinion regarding any of the claimant's other impairments." (*Id.*)

7

The ALJ also considered Plaintiff's testimony that "she could walk only half a block, stand only for 30 to 45 minutes, and had the most difficulty just sitting . . . ." (Tr. 30, 91-92.) After reviewing Plaintiff's medical record, however, the ALJ noted that "[t]he claimant's medically determinable impairments could reasonably have been expected to produce the alleged symptoms, but the alleged intensity, persistence, duration, and impact on functioning are not entirely credible or consistent with the totality of the evidence." (Tr. 32.) The ALJ further noted that, "[s]pecifically, while the claimant did complain of pain in the two months prior to the date last insured, and while cervical and lumbar-spine MRI results were abnormal, those findings were not matched during the relevant period by any significantly abnormal clinical findings or gait disturbance. Therefore, the objective evidence alone does not support the claimant's testimony." (*Id.*) The ALJ also remarked that, notwithstanding Plaintiff's demonstrable impairments in her cervical and lumbar spine and shoulder, her clinical examination findings "[did] not suggest any restriction on her ability to stand or walk in the work setting." (Tr. 33.)

The Court notes several deficiencies in the ALJ's consideration of this evidence. For example, the fact that Plaintiff's gait was found to be normal on several occasions is not dispositive of Plaintiff's ability to stand and walk for purposes of light work. *See Galletti v. Colvin*, No. 13-cv-6641, 2015 WL 4251257, at *6 (E.D.N.Y. July 13, 2015) (agency investigators' observations of seemingly normal gait not necessarily probative of claimant's ability to sit, stand, or walk for a given amount of time); *Ryszetnyk v. Astrue*, No. 12-cv-2431, 2014 WL 2986700, at *9 (E.D.N.Y. July 1, 2014) (examiner's finding that plaintiff's gait was "grossly normal" did not provide evidence of the amount of time plaintiff was able to stand, sit, or walk). Further, although the ALJ mentioned the vocational expert's testimony that there were jobs that Plaintiff could perform, the hearing transcript demonstrates that the ALJ never asked

8

the vocational expert to account for limitations like the length of time standing or sitting. (*See* Tr. 95-100.) Rather, the ALJ merely inquired about jobs that included a potential "sit/stand" option with limitations mostly cabined to Plaintiff's shoulder injury. (Tr. 97-99.) The ALJ's decision also states that postural and manipulative restrictions should be imposed due to Plaintiff's history of shoulder surgery, chest pain and hypertension, and neck and low back pain, but found that "the objective evidence does not warrant greater limitations than these." (Tr. 33.) The record demonstrates that, although the ALJ may have thought carefully about Plaintiff's shoulder injury, she did not consider the possible effects of Plaintiff's other impairments, particularly her cervical and lumbar spine issues, on Plaintiff's RFC.

In light of the ALJ's failure to develop the record and failure to consider functions relevant to light work, the ALJ's decision that Plaintiff retained a residual functional capacity for light work is not supported by substantial evidence. *See Dinapoli v. Commissioner of Social Security*, No. 14-cv-3652, 2016 WL 1245002, at *14 (E.D.N.Y. Mar. 24, 2016) (remanding for further proceedings because ALJ's finding that plaintiff could engage in light work was not supported by substantial evidence where there were no medical opinions regarding plaintiff's abilities to sit, stand, and lift certain quantities of weight, and where plaintiff had testified to having limitations in these areas). Accordingly, remand is warranted for the ALJ to request an RFC assessment from Plaintiff's treating sources and for the ALJ to consider the extent to which Plaintiff can perform the relevant functions of sitting, standing, and walking.

### III. Plaintiff's Physiatric Evaluation

Plaintiff argues that the ALJ should have considered evidence that post-dated Plaintiff's date last insured, namely, a May 14, 2010 physiatric examination of Plaintiff noting the duration for which Plaintiff was able to stand, sit, or walk. (Pl.'s Mem. 17.) At Plaintiff's May 21, 2013

9

hearing before the ALJ, the ALJ noted that the date last insured was March 31, 2010, and that she was therefore only able to consider evidence through that date. (*See* Tr. 76.) The Court disagrees, however, as "the Second Circuit has recognized that medical evidence obtained subsequent to [a] Plaintiff's last insured date is not irrelevant to whether [a] Plaintiff ha[s] been continuously disabled . . . ." *Stewart v. Astrue*, No. 10-cv-3032, 2012 WL 314867, at *9 (E.D.N.Y. Feb. 1, 2012) (quoting *Arnone v. Bowen*, 882 F.2d 34, 39 (2d Cir.1989)) (remanding for further development of the record where ALJ did not consider relevant medical evidence subsequent to plaintiff's date last insured). Indeed, "[e]vidence bearing upon an applicant's condition subsequent to the [date last insured] . . . is pertinent evidence in that it may disclose the severity and continuity of impairments" prior to the date last insured. *Id.* (quoting *Lisa v. Sec'y of Dept. of Health & Human Servs.*, 940 F.2d 40, 44 (2d Cir. 1991)). Contrary to Defendant's contention, the May 10, 2010 physiatric examination may bear on Plaintiff's condition prior to her date last insured. Similarly, the results of Plaintiff's April 8, 2010 MRI, which was taken one week after Plaintiff's date last insured, may also be relevant. Accordingly, on remand, the ALJ should consider these documents in evaluating Plaintiff's RFC.

### IV. Whether the Appeals Council Should Have Considered Plaintiff's December 17, 2010 Functional Status Evaluation

Plaintiff additionally seeks remand on the basis that the Appeals Council should have considered a December 17, 2010 functional status evaluation by Plaintiff's physical therapist. (Pl.'s Mem. 21-22.) The Regulations "authorize a claimant to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision." *Tavarez v. Astrue*, No. 11-cv-2784, 2012 WL 2860797, at *4 (E.D.N.Y. July 11, 2012) (quoting *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996)). New evidence warrants remand when that evidence is "material." *Id.* Evidence is material when: (1) it is "relevant to the claimant's condition during the time

period for which benefits were denied;" (2) it is "probative;" and (3) there is "a reasonable possibility that the new evidence would have influenced the Commissioner to decide the claimant's application differently." *Id.* (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)).

The December 17, 2010 functional status evaluation is not probative of Plaintiff's disability prior to her date last insured. Where a plaintiff's impairment continues and becomes more severe after the expiration of insured status, such exacerbation of a pre-existing injury cannot form the basis for determination of an earlier disability. *See Vitale v. Apfel*, 49 F. Supp. 2d 137, 142 (E.D.N.Y. 1999). The functional status form notes that Plaintiff's back condition "got worse" because she had stopped doing her physical therapy home exercises for a period of time while attending to family matters abroad. (Tr. 42.) The record also demonstrates that on June 2, 2010, Plaintiff sustained injuries when she fell in the bathroom of an airplane that hit turbulence. (Tr. 358, 361, 521.) Considering these facts, the December 17, 2010 functional status evaluation is not probative of Plaintiff's functional status prior to March 31, 2010, and is therefore not material. *Tavarez*, 2012 WL 2860797, at *4 (evidence is material when it is probative). The Appeals Council's decision not to consider this evidence does not provide a separate basis for remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is granted, and Defendant's cross-motion is denied. The case is remanded for further proceedings consistent with this opinion. On remand, the ALJ is instructed to request RFC assessments from Plaintiff's treating physicians and to make a determination regarding Plaintiff's RFC, taking into account the duration for which Plaintiff is able to stand, sit, and walk. The Clerk of the Court is

respectfully requested to enter judgment in accordance with this order and to close the case.

SO ORDERED:

/s/ LDH
L aSHANN D eARCY HALL
United States District Judge

Dated: Brooklyn, New York
       March 31, 2017